IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-403-FDW-DCK

| | |
|---|---|
| CHIQUITA KELLY, ) | |
| ) | |
| Plaintiff, ) | **CONSENT PROTECTIVE** |
| ) | **ORDER** |
| v. ) | |
| ) | |
| THE CHARLOTTE-MECKLENBURG ) | |
| HOSPITAL AUTHORITY, d/b/a ATRIUM ) | |
| HEALTH, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Joint Motion For Entry Of Protective Order" (Document No. 13) filed February 10, 2025. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion and enter the parties' proposed Consent Protective Order as follows.

**IT IS, THEREFORE, ORDERED** that the following restrictions and procedures shall apply to certain information, documents, excerpts from documents, testimony, or tangible things furnished in the course of this litigation:

1. Counsel for any party may designate any document or information contained in a document as "CONFIDENTIAL" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client.

   a. For the purposes of this Order, "CONFIDENTIAL Information" means any information, documents, testimony, or tangible things ("Information") furnished in the course of this litigation (i) that is regarded by a party as confidential information, and (ii) is so designated in

accordance with the procedures set out below. "CONFIDENTIAL Information" includes, but is not limited to, the following:

    i. Information that constitutes confidential, proprietary, or financial business information, trade secrets, strategic business records, or Information subject to a legally protected right of privacy or a confidentiality agreement with a third party;

    ii. Information regarding or other documents containing private employment-related information, private healthcare information, and all personally identifiable information, to include names, dates of birth, addresses, personal images, telephone numbers, email addresses, emergency contact information, social security numbers, driver's license numbers, criminal records, background checks or other reference check information, and/or documents related to employee domestic or financial obligations, such as child support orders and garnishments and bank account information;

    iii. medical records and reports; psychological records and reports; photographs, x-rays or illustrations, or other private health-related information regarding Plaintiff or any other individual about whom such Information is disclosed or discovered during the litigation of this matter; and

    iv. federal or state income tax returns or other financial information of any party.

2. "CONFIDENTIAL" designations shall be made as follows:

    a. Information shall be designated CONFIDENTIAL within the meaning of this Order in the following ways:

    i. In the case of documents that are produced by any party, designation shall be made by placing on each page of the document the legend CONFIDENTIAL.

ii. In the case of documents that are obtained by subpoena or other discovery from third parties, the documents automatically shall be treated as CONFIDENTIAL Information upon receipt, and the receiving party shall furnish copies thereof to all parties within ten business days. All parties then shall have eight business days after receipt within which to formally designate any documents as CONFIDENTIAL Information by communicating that designation to all other parties in writing. Additionally, the third party from which the documents were obtained may designate such documents as CONFIDENTIAL Information. If no party designates any such document as CONFIDENTIAL within said eight-business-day period, then the CONFIDENTIAL designation will terminate.

iii. In the case of responses to interrogatories and requests for admission, including the information contained therein, designation shall be made by specifically identifying the responses or portions of responses that are designated CONFIDENTIAL.

iv. In the case of deposition testimony, a party may designate, on the record, those portions of a deposition that the party believes contain CONFIDENTIAL Information. If designation of CONFIDENTIAL Information is made, those portions of the deposition involving such CONFIDENTIAL Information will be taken with no one present except those persons who are authorized to have access to such CONFIDENTIAL Information under this Order. Any party shall have fifteen business days after the receipt of the deposition transcript to inform the other parties to the action in writing of the portions of the transcript (by specific page and line reference) to be designated as CONFIDENTIAL. Prior to such designation or the expiration of the fifteen-business-day period, the entire deposition transcript shall be deemed CONFIDENTIAL Information.

v. In the case of electronically stored information that is produced as a computer file or otherwise in a native format, designation may be made by placing on the placeholder, Bates-stamped PDF page the legend CONFIDENTIAL.

vi. In the event that the above methods of designating Information as CONFIDENTIAL prove infeasible with respect to a specific category or type of Information, the parties may agree in writing to an alternative method for designating such Information as CONFIDENTIAL.

3. Unless otherwise ordered by the Court, or otherwise provided for herein, the CONFIDENTIAL Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action or any appeal taken from a judgment entered in the case, and not for any other purposes. CONFIDENTIAL Information shall not be disclosed in conversations, presentations by persons or receiving parties, in court, or in other settings that might reveal the CONFIDENTIAL Information, except in accordance with the terms of this Order.

4. In the event a party challenges another party's CONFIDENTIAL designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, either party may thereafter seek resolution by the Court. The challenged designation shall be respected pursuant to the terms of this Order until the Court rules on the motion. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

5. Information or documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a. The requesting party and their respective counsel;

b. Employees or contractors of such counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts to the extent deemed necessary by counsel;

d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information;

e. The Court or the jury at trial or as exhibits to motions; and

f. Any mediator retained by all affected parties, including such mediator's staff, provided the disclosure is made in the course of mediation.

6. Prior to disclosing or displaying the confidential information to any person (other than the Court and the jury), counsel shall:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person; and

c. obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached hereto as **Exhibit A**.

7. If any party inadvertently fails to designate any material as CONFIDENTIAL Information before its production, it may correct its error at any time utilizing the following procedures. Upon learning that confidential information was produced without the appropriate designation, the producing party will immediately provide notice of the omission to the receiving

party and, at the producing party's option, either provide substituted copies of the confidential information appropriately marked or instruct the receiving party to mark the undesignated material with the appropriate legend. Upon receiving notice of an omitted designation, it will be the duty of the receiving party to make all reasonable efforts to return all identified unmarked materials in its possession or in the possession of persons within that party's control (e.g., retained consultants) to the designating party or to otherwise destroy the unmarked materials within ten (10) business days of any written notice of an omitted designation, or to make all reasonable efforts to label the confidential information appropriately as requested by the designating party. If the receiving party has made any use or disclosure of information, documents, or materials before the producing party designates such material as confidential information, then such prior use or prior disclosure shall not be deemed a violation of this Order.

8. For the purpose of Paragraphs 5(d) and (e) it is understood by the parties that any documents which become part of an official judicial proceeding, or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law.

9. Any party seeking to file any materials designated as CONFIDENTIAL Information or to file any pleadings, motions or other papers disclosing any such CONFIDENTIAL Information shall first inform the other parties who may then within five (5) business days file a Motion to Seal or Otherwise Restrict Public access in accordance with the Court's local rules. Any filing made while such a motion is pending shall submit any accompanying CONFIDENTIAL Information under seal pending the Court's ruling on the Motion to Seal or Otherwise Restrict Public Access. If no such motion is filed, then the CONFIDENTIAL Information may be disclosed through a filing with the Court.

10. Ultimate disposition of protected materials is subject to final order of the Court upon completion of this litigation. However, in the absence of a final order of the Court addressing the disposition of CONFIDENTIAL Information, the parties agree that counsel for each party shall, not later than forty-five (45) days after the termination of this litigation, collect from any experts, consultants or third party witnesses to whom any documents containing CONFIDENTIAL Information were disclosed pursuant to the terms of this Order, any and all documents containing CONFIDENTIAL Information, including without limitation, any copies or excerpts of such documents. Counsel of record for each party shall be permitted to retain in their files a copy of all documents containing Information subject to this Order obtained during the course of this litigation, pursuant to the North Carolina Rules of Professional Conduct; provided, however, the prohibitions against the use or disclosure of CONFIDENTIAL Information as set forth above shall continue to apply to said counsel.

11. Nothing in this Order shall limit, expand, restrict, or prejudice (a) the right of any party to apply to the Court for any further Protective Order relating to confidential information; or (b) the right of any party to object to the production or discovery of documents or information; or (c) the right of any party to apply to the Court for an order compelling production of documents or information; or (d) the right of any party to apply to the Court for modification of this Order; or (e) any party's use or disclosure of documents or information properly obtained by means other than another party's production pursuant to this Order; or (f) the producing party's use or disclosure of information, documents, or materials that it designated as CONFIDENTIAL Information pursuant to the terms of this Order.

12. The Court shall strictly enforce this Order, and any violation is punishable by the Court's contempt power, including the imposition of monetary sanctions.

**SO ORDERED**.

Signed: February 11, 2025

David C. Keesler
United States Magistrate Judge

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I have read and am familiar with the terms of the Protective Order governing the disclosure of confidential information in the case of **Chiquita Kelly v. Union Memorial Regional Medical Center, Inc. d/b/a Atrium Health Monroe and The Charlotte-Mecklenburg Hospital Authority d/b/a Atrium Health**, and I agree to abide by all the terms of said Order and not to reveal or otherwise communicate any of the information disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order. I agree not to make use of any information or material obtained pursuant to that Order other than for purposes of this litigation.

I also agree to return to counsel of record not later than thirty (30) days after the termination of this litigation any and all documents in my possession containing information which is the subject of said Order (whether such information is in the form of notes, memoranda, reports or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order).

In accordance with 28 U.S.C. § 1746, I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Name: _____

Date: _____